**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 12 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE LUIS HEREDIA-BETANCOURT, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 22-1618 <br><br> Agency No. A079-769-440 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 10, 2023[**]
Seattle, Washington

Before: GRABER, GOULD, and FRIEDLAND, Circuit Judges.

Petitioner Jose Luis Heredia-Betancourt timely seeks review of the Board of Immigration Appeals' ("BIA") denial of relief from removal. Reviewing de novo the BIA's legal conclusions and reviewing for substantial evidence its factual findings, Perez-Portillo v. Garland, 56 F.4th 788, 792 (9th Cir. 2022), we deny the petition.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

1.  The BIA permissibly concluded that Petitioner's proposed particular social group—"Mexican nationals returning from abroad living in the U.S. for a lengthy time who are perceived to have money"—is not cognizable.  See, e.g., Ramirez-Munoz v. Lynch, 816 F.3d 1226, 1229 (9th Cir. 2016) (holding that the proposed particular social group of "imputed wealthy Americans" in Mexico was not cognizable); Delgado-Ortiz v. Holder, 600 F.3d 1148, 1150–52 (9th Cir. 2010) (per curiam) (holding that the proposed particular social group of "Mexicans returning home from the United States" was not cognizable). Because Petitioner failed to establish a causal nexus to a statutorily protected ground, the BIA appropriately rejected Petitioner's claims for asylum and withholding of removal.  See Rodriguez-Zuniga v. Garland, 69 F.4th 1012, 1016 (9th Cir. 2023) ("For both asylum and withholding claims, a petitioner must prove a causal nexus between one of her statutorily protected characteristics and either her past harm or her objectively tenable fear of future harm.").  We need not, and do not, reach the BIA's alternative holding that Petitioner failed to file a timely asylum application.

2.  Substantial evidence supports the BIA's conclusion that Petitioner does not qualify for relief under the Convention Against Torture because he failed to establish that he would more likely than not be subjected to torture inflicted by governmental officials or with their acquiescence.  8 C.F.R. § 1208.16(c)(2).  Petitioner presented no evidence of a particularized fear of torture and, although the Mexican government's efforts to combat torture have

not been very effective, Petitioner has not shown that governmental officials would participate or acquiesce in torture against him. See Garcia-Milian v. Holder, 755 F.3d 1026, 1034 (9th Cir. 2014) ("Nor does evidence that a government has been generally ineffective in preventing or investigating criminal activities raise an inference that public officials are likely to acquiesce in torture, absent evidence of corruption or other inability or unwillingness to oppose criminal organizations."). Although the evidence of country conditions suggests some instances of corruption in Mexico or an inability to oppose criminal organizations in some contexts, the record does not compel the conclusion that Petitioner in particular, more likely than not, would be the victim of such deficiencies or any other situation involving governmental acquiescence in torture.

**PETITION DENIED.**